### THE STATE v. NUNZIO DI MARIA.

Submitted December 2, 1915—Decided April 10, 1916.

A person upon whom an assault is made, so violent in its character as to endanger his life, or threaten him with serious bodily injury, is not justified or excusable in standing his ground and killing his assailant if he can avoid the impending danger by retreating.

---

On error to the Hudson Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *Alexander Simpson*

For the state, *Robert S. Hudspeth,* prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a writ of error bringing up the conviction of the defendant for the crime of murder in the second degree. But a single ground of reversal is relied upon, namely, that the trial court erred in its charge to the jury with regard to the law of self-defence. The instruction complained of was that if the defendant had a reasonable apprehension that his own life was in danger or that he was in danger of serious bodily injury, he had a right to defend himself even to the extent of taking the life of the decedent;

but that the law required that he should retreat if he could safely do so, and that if he could have done so with reasonable safety, and yet did not retreat, but instead fired at the deceased with the intention of killing him, or inflicting upon him a mortal wound, the homicide was neither excusable nor justifiable. The contention on the part of the plaintiff in error is that so much of the instruction as related to the obligation to retreat was harmful error; the true rule being, as he insists, that where a man who is in a place where he has a right to be is attacked by another, he need not retreat, although a way to escape injury by doing so is open to him, but is entitled to stand his ground and kill his adversary in order to prevent his adversary from killing him or doing him serious bodily harm.

The rule thus contended for has been declared and enforced in the courts of some of our sister states. In others the courts have approved the rule laid down by the trial court. The cases upon the subject are collected in the foot-note to *State* v. *Gardner, 2 L. R. A. (N. S.)* 49, an authority to which our attention has been called by counsel for the plaintiff in error.

On principle the rule enunciated by the trial court appears to us to be the sound one. The proposition is undisputed, even in those cases in which the rule contended for by the plaintiff in error is approved, that where a defendant indicted for homicide sets up self-defence as an excuse or justification for his act, he must show that the killing was, or, reasonably appeared to be, necessary, in order to preserve his own life or to protect himself from serious bodily harm. This being so, it follows as a logical sequence that when it is shown that the person assaulted could have completely protected himself without taking the life of his adversary, and that it was apparent to him that he could do so, the absence of the necessity of killing for his own preservation is demonstrated. And how can it truly be said that no means of self-protection other than the killing of his adversary existed when it is shown that a safe way of retreat was open to him, and that by taking advantage of it he could have avoided the threatened danger to life or limb?

But the question which of these rules should be followed by the courts of this state does not seem to us to be an open one. In the case of *State* v. *Wells*, 1 *N. J. L.* 424, decided more than one hundred and twenty-five years ago, it was declared that no man is justified or excusable in taking the life of another unless that act is, or reasonably appears to be, necessary, "as the only means of avoiding his own destruction or some great injury." In *State* v. *Bonofiglio*, 67 *Id.* 239, 245, it is stated by our Court of Errors and Appeals, that the rule laid down in the cited case has always been accepted by our courts as an accurate statement of the right to take life in self-defence. Although the obligation to retreat, when this can be done safely, is not expressly declared in the opinion in the Wells case, it is, we think, necessarily implied in the declaration that a homicide is not justifiable or excusable unless the necessity for taking life is apparent as the *only means* by which the slayer can avoid his own destruction or some great bodily injury.

It follows, therefore, that the instruction complained of was entirely justified under the law as it exists in this jurisdiction and that the judgment under review must be affirmed.